IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Alisha Nicole Gries | ) | |
| Plaintiff, | ) | |
|     Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| EQUIFAX, INC., | ) | |
| Westlake Services LLC | ) | JURY DEMAND |
| FKA Westlake Services INC. | ) | |
| FKA Westlake Financial Services | ) | |
|     Defendants. | ) | |

## CIVIL ACTION COMPLAINT

### Introduction

1. This is an action against Westlake Service Inc. for damages brought by an individual consumer for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. 1681 et seq., as amended.

2. This is also an action for damages brought by an individual consumer against Equifax Inc., for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. 1681 et seq., as amended.

### Jurisdiction and Venue

3. Jurisdiction of this Court is found under 15 U.S.C. § 1681. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1331 of Title 28 of the United States Code.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## Parties

5.  The Plaintiff in this case is a citizen and resident of Maury County TN. The Plaintiff is hereinafter referred to as "Plaintiff".

6.  The Defendant, Westlake Services LLC (hereafter WS) was a creditor listed and discharged in the Plaintiff's bankruptcy and a creditor that does business in the state of Tennessee. WS will be served through the registered agent, Corporate Creations Tennessee LLC, 205 Powell Place, Brentwood, TN 37027- 7522.

7.  The Defendant, Equifax, Inc., (hereafter EQ) is a corporation that transacts business in Tennessee and will be served through the registered agent, Equifax, Inc., c/o The Pretice-Hall Corporation System, Inc., 2908 Poston Ave, Nashville, TN 37203-1312.

## Factual Allegations

8.  The Chapter 7 case of the Plaintiff herein was commenced on March 6, 2020 and and WS was properly notified of the filing in accordance with bankruptcy notification procedures.

9.  The 341(a) meeting of creditors in this case was held via zoom on April 21, 2021.

10. Schedule F of the Bankruptcy petition and schedules filed by the Plaintiff included the debt for the unsecured loan to WS.

11. The Plaintiff alleges that WS received notice of the 341(a) meeting from documents mailed by the Court, attached as Exhibit 1, certificate of service attached as Exhibit 2.

12. The Plaintiff received a Discharge Order on June 23, 2020, attached hereto as Exhibit 3.

13. In December 2020, Plaintiff disputed EQ's tradeline for WS.

14. EQ did not update the Plaintiff's report to report accurate information and in January 2021, EQ

actually updated the report with even more inaccurate information thus causing the Plaintiff's credit score to drop 29 points. The reduction indicated that ot was a direct result of the WS update.

15. On January 7, 2021, Plaintiff sent another dispute to Equifax, along with evidence of the bankruptcy filing and date of discharge. The dispute, along with Equifax receipt of the dispute is attached as Exhibit 4.

16. The Plaintiff also disputed the reporting directly with WS, copy attached as Exhibit 5.

17. Despite the two disputes with EQ and the direct dispute with WS, the Plaintiff's credit report still reflects a closed charged off account with an open balance and past due payments sfater the filing of the bankruptcy, copy attached as Exhibit 6.

## CAUSES OF ACTION

### Count One- Violations of FCRA -WS.

18. Plaintiff incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

19. At all times pertinent hereto, WS is a "Person" and a "furnisher" as those terms are defined by 15 U.S.C. § 1681.

20. At all times pertinent hereto, the Plaintiff is a "consumers" as that term is defined by 15 U.S.C. § 1681.

21. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Plaintiff notified EQ that her credit report contained inaccurate information and provided proof so that EQ would correct the problem. Plaintiff also sent copies of the dispute to WS so that WS would correct the problem. WS has failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681s-2(a)(2) and (8) and 1681s-2(b)(1)(A) and (E).

24. On January 7, 2021, Plaintiff provided WS with a dispute through EQ, see Exhibit 4. On April 1, 2021, the Plaintiff provided another dispute via email to the Defendant, see Exhibit 5.

25. The dispute included the Plaintiff's name, address, social, BK number, date of filing and date of discharge. In the letter, the Plaintiff provided her name, address, date of birth, BK info for filing date a discharge.

26. WS failed to correctly update Plaintiff's information with respect to the disputed information in violation of 15 U.S.C. 1681s-2(a)(2) and 1681s-2(a)(8).

27. WS failed to conduct a reasonable investigation in violation of
15 U.S.C. 1681s-2(b)(1)(A).

28. WS failed to promptly correct the information, delete the information or block the information in violation of 15 U.S.C. 1681s-2(b)(1)(E).

29. As a result of WS failure to comply with the requirements of 15 U.S.C. 1681, the Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with the Plaintiff's normal and usual activities for which the Plaintiff seeks damages in an amount to be determined by the jury.

## Count Two- Violations of FCRA- EQ

30. Plaintiff incorporate by reference all of the above factual allegations and Exhibits as if fully

set forth herein.

31. At all times pertinent hereto, EQ is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

32. At all times pertinent hereto, the Plaintiff is a "consumers" as that term is defined by 15 U.S.C. § 1681.

33. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

35. Plaintiff notified EQ that her credit report contained inaccurate information and provided proof so that EQ would correct the problem. EQ failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681e(b), 15 U.S.C. section 1681i, 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

36. On January 7, 2021, Plaintiff provided WS with a dispute through EQ, see Exhibit 4. On April 1, 2021, the Plaintiff provided another dispute via email to WS, see Exhibit 5.

37. The dispute included the Plaintiff's name, address, social, BK number, date of filing and date of discharge. In the letter, the Plaintiff provided her name, address, date of birth, BK info for filing date a discharge.

38. EQ prepared, compiled, issued, assembled, transferred, published and otherwise reproduced Consumer Reports regarding Plaintiff which contained information that was false, misleading and inaccurate when the Plaintiff disputed the information. EQ failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more 3rd parties pertain to the

Plaintiff in violation of 15 U.S.C. 168e(b), such failure resulting and erroneously incorrect information being reported on the Plaintiff' credit report.

39. EQ further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct and/or delete the false reporting despite circumstances it knew or reasonably should have known that it was mis-reporting the Plaintiff' information.

40. As a result of EQ's failure to comply with the requirements of 15 U.S.C. 1681e(b), the Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with the Plaintiff's normal and usual activities for which the Plaintiff seeks damages in an amount to be determined by the jury.

41. EQ's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. section 1681o.

42. As a direct and proximate result of EQ's negligent violation of 15 U.S.C. section 1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of information it reported on the Plaintiff's credit report, the Plaintiff has suffered actual damages as set forth herein.

43. EQ's failure to comply with the requirements of 15 U.S.C. section 1681e(b) is willful within the meaning of 15 U.S.C. section 1681n(a).

44. EQ, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper responses to dispute notification by the Plaintiff, rather according to its corporate policy, EQ failed to investigate Plaintiff's claims that the defendant was misreporting credit

information. EQ did not take any steps to check and see if the Plaintiff's credit report was accurate or otherwise investigate the Plaintiff's claim.

45. EQ knew or should have known that it operated with reckless disregard of the risk that its corporate policy creates an unrealistic risk of violation of the statutory consumer protections of the fair credit reporting act and the Plaintiff would be harmed by its policy.

46. As a direct and proximate result of EQ's willful violations of 15 U.S.C. 1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding the Plaintiff's credit history, Plaintiff is damaged and EQ is liable to the Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. section 1681n.

47. At one or more times after receiving the Plaintiff's notice of dispute, EQ breached its 15 U.S.C. section 1681(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

   1. By otherwise failing to conduct actual dispute investigation,
   2. By otherwise failing to conduct only a superficial investigation;
   3. By conducting an investigation that merely looked to see whether the disputed information was reported and was received from USB rather than considering whether the substance of the information was accurate;
   4. By failing to consider or evaluate the fact of a credit reporting agency had deleted the Plaintiff's disputed account information;
   5. By failing to contact the Plaintiff directly to learn for of the reason for the dispute and/or their explanation of the facts or any missing information;

48. EQ failed to conduct a meaningful investigation as to the quality of responses of the credit information furnishers had provided and by failing to evaluate the dispute identified by the Plaintiff and instead deferred to the an adequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon the initial dispute notice.

49. EQ failed to properly reinvestigate the Plaintiff's dispute, perform perfunctory and essentially useless investigation and/or reinvestigation's resulting in their inaccurate verification of false reports and continued to prepare and issue false consumer report including false, derogatory information concerning the Plaintiff's credit report.

## Actual Damages

50. The Plaintiff incorporate herein by reference all preceding paragraphs as if fully set forth herein.

51. In this action, the Plaintiff has suffered the following actual damages:
    a. Missed work
    b. Travel expenses
    c. Attorney fees
    d. Mailings
    e. Cost
    f. Credit Damage
        - Increased out of pocket expenses
        - Loss of credit expectancy
        - Loss of credit capacity
    g. Emotional distress- stress and anxiety

**WHEREFORE**, the Plaintiff having set forth the claims for relief against the Defendant, pray the following:

   A. That all Defendants be required to answer this Complaint;
   B. Actual damages or statutory damages to be determined by the jury;
   C. Punitive damages to be determined by a jury;
   D. Injunctive relief;
   E. Attorney's fee;
   F. Cost and expenses incurred in this action;
   G. Such other relief as this Court may deem just and proper.

**TRIBAL BY JURY IS DEMANDED**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury on all issues so triable.

Date this the 2nd day of June, 2021.

Harlan, Slocum & Quillen

/s/ Keith D Slocum
Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com
*Attorney for Plaintiff*

Exhibit List:

Exhibit 1: Meeting of Creditors Notice

Exhibit 2: Certificate of Service

Exhibit 3: Discharge

Exhibit 4: Dispute to Equifax and Responses

Exhibit 5: Email to WS Dispute

Exhibit 6 - Report Following Disputes